# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No: 22-cr-0225-SAG |
| SUPREME JONES, | |
| Defendant. | |

## GOVERNMENT'S NOTICE OF 404(b) EVIDENCE

The United States, through undersigned counsel, hereby provides notice of its intent to introduce evidence intrinsic to the charged offenses, or, in the alternative, pursuant to Federal Rule of Evidence 404(b) as evidence of the Defendant's motive, intent, knowledge and absence of mistake or accident, as follows.

The Defendant flew, in his personal capacity, on many flights between in or about March 2021 to in or about April 2022. On some of those flights, he did not declare himself to be a law enforcement officer ("LEO") flying armed, which would have given him the option of transiting into the sterile area of Baltimore-Washington/Thurgood Marshall International Airport ("BWI") through an access portal reserved for aircrew and armed LEOs—*not* the exit lanes through which the Defendant typically accessed the sterile area. For most of these flights, a Security Identification Display Area ("SIDA") badge access records reflect that Jones used the exit portal to enter the sterile area. Among these flights were several international flights, including a July 15, 2021, flight to Cancun, Mexico, a September 4, 2021, flight to Cartegena, Columbia, and a September 23, 2021, flight to Cancun, Mexico. Jones was not authorized to fly armed on these international flights. He nonetheless accessed the sterile area of BWI via the exit lane without following proper security procedures.

1

Between on or about February 14, 2022, and on or about February 27, 2022, Jones lied to American Airlines authorities about his military status in connection with a scheduled flight to the Caribbean island of St. Martin. To justify a flight change and/or late arrival without incurring a flight change fee, Jones falsely represented that a military unit to which he was assigned had been involved in an accident. Jones falsely identified his military superior as Major Rotman (the name of a Customs and Border Protection supervisor) and provided the fictitious phone number of 323-906-7108. Jones had in his possession at the time of his arrest an expired United States Air Force military identification card as well as an unexpired Baltimore City Police identification document.

On or about June 26, 2022, Jones flew roundtrip from BWI to Boston, Massachusetts on Southwest Airlines flights 2064 and 801. He properly declared himself to be a LEO flying armed. He also declared a French Bulldog puppy, named Lilac, to be a trained service animal accompanying him on the return flight from Boston to BWI. On the U.S. Department of Transportation Service Animal Air Transportation Form, Jones falsely represented that this dog, Tonto, was a service animal trained by a kennel in Pennsylvania. He once again provided a fictitious phone number for the purported Pennsylvania kennel, 323-906-7108—the same phone number he previously provided to American Airlines personnel in connection with his false representation that he was in a military unit that suffered an accident. Jones subsequently admitted to Special Agent Rodski that the dog was intended as a pet for his daughter, *not* a service animal. Southwest Airlines does not permit non-service animals to be flown in the passenger compartment.

On or about April 5, 2022, while still in his CBP uniform and on duty, Jones cut the line of customers at the Frontier ticker counter at BWI to purchase a ticket for a flight that same day to Atlanta. Jones properly declared himself to be a LEO flying armed for this flight. This is the

flight that caused the offense charged in count two of the indictment. Subsequently, after concluding his duty shift, Jones changed into civilian clothes and shortly before the trip departed illegally accessed the secure area of BWI via the exit portal using his SIDA badge. Almost immediately after entering the sterile area, Jones encountered FBI Special Agents Rodski and Gordon, who were waiting in anticipation of Jones's entry. The agents spoke with Jones and asked Jones what he was doing and where he was going. Jones falsely stated he was on duty and was trailing someone. He did not admit that he was outbound in his personal capacity on a flight to Atlanta, which he shortly thereafter boarded. This falsehood is reflective of his consciousness of guilt about evading proper security procedures and requirements in effect at BWI.

## ARGUMENT

### A. Jones's Misuse of SIDA Badge Access Authority Is Intrinsic Evidence

The Defendant was in custody of an authorized SIDA badge which, under limited official circumstances, authorized him to enter the sterile area of BWI via the TSA exit lanes. The fact and circumstances concerning the flights on February 22, 2022, and April 5, 2022, including Jones's statements to Special Agents Rodski and Gordon, are intrinsic evidence. "Rule 404(b) limits only the admission of evidence of acts extrinsic to the one charged, but does not limit the admission of evidence of intrinsic acts." *United States v. Lightly*, 616 F.3d 321, 352 (4th Cir. 2010).

Prior acts evidence is intrinsic if it "arose out of the same series of transactions as the charged offense, or if it is necessary to complete the story of the crime on trial." *United States v. Kennedy*, 32 F.3d 875, 885 (4th Cir. 1994) (quotation omitted). Similarly, "[o]ther criminal acts are intrinsic when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *United States v.*

*Chin*, 83 F.3d 83, at 87-88 (4th Cir. 1996) (internal quotation and citation omitted).  Such "intrinsic act" evidence is ordinarily admissible as a matter of course.

      **B.    Jones's Other False Representations Are Admissible Under Rule 404(b)**

Even if the evidence concerning the armed robbery is not intrinsic—and it is—it is still nevertheless admissible pursuant to Fed. R. Evid. 404(b).  The other conduct identified above reflects Jones's motive to use his actual or purported position of authority to streamline his own flying experiences and reduce the inconvenience and costs associated with flying.  Those same motives similarly explain his breach of security protocols, as charged.

Federal Rule of Evidence 404(b) "prohibits evidence of other crimes, wrongs, or acts solely to prove a defendant's bad character, but such evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  *United States v. Byers*, 649 F.3d 197, 206 (4th Cir. 2011) (internal quotation marks, citations, and alterations omitted).  The rule is one of "inclusion, 'admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition.'"  *Id*. (quoting *United States v. Young*, 248 F.3d 260, 271-72 (4th Cir. 2001)).

The test for admissibility under Rule 404 (b) has three parts.  *First*, the evidence must be relevant to an issue other than character, such as knowledge, modus operandi, or intent.  *See United States v. Siegel*, 536 F.3d 306, 317 (4th Cir. 2008).  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  *United States v. Aramony*, 88 F.3d 1369, 1377 (4th Cir. 1996) (internal quotation marks omitted).  *Second*, the evidence must be "necessary," in that it is an essential part of the crimes on trial or furnishes part

4

of the context for the crimes. *Siegel*, 536 F.3d at 319.[1]  *Finally*, the evidence must be reliable. *Id*. at 317.  And it likewise must satisfy the requirement in Rule 403 that the probative value of the evidence must not be "substantially outweighed" by unfair prejudice.  *Id.* at 319.  All of these requirements are satisfied here.

## CONCLUSION

For all of the foregoing reasons, the Government provides this notice of intent to introduce the aforementioned evidence.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: *[signature]*
P. Michael Cunningham
Spencer L. Todd
Assistant United States Attorneys

---

[1] That the evidence was "not critical to the prosecution's case [] does not render it unnecessary for purposes of Rule 404(b)." *United States v. Rooks*, 596 F.3d 204, 211 (4th Cir. 2010).