IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | . | |
| v. | . | Criminal No. SAG-22-225 |
| SUPREME JONES | . | |

## DEFENSE SENTENCING MEMORANDM

Mr. Supreme Jones, by his undersigned counsel, submits this sentencing memorandum in support of the parties' Rule 11(c)(1)(C) plea agreement. Under the terms of the agreement, Mr. Jones will enter a guilty plea to two counts of a superseding information charging him with the misdemeanor offense of entering an aircraft or airport area in violation of security requirements, under 49 U.S.C. §§46314(a) and (b)(1). The parties stipulated that a sentence of 60 months of probation with the specific condition that Mr. Jones may not seek nor hold law enforcement employment nor any position for which he would be required to carry a firearm during the term of probation, is the appropriate disposition under the sentencing factors of 18 U.S.C. § 3553(a).

## BACKGROUND

This case stems from Mr. Jones's employment as a Customs and Border Protection ("CBP") officer at the Baltimore Washington International/Thurgood Marshall Airport ("BWI"). Mr. Jones was charged with two felony counts of entering an aircraft or airport area in violation of security requirements, in violation of 49 U.S.C. §§ 46314(a) and (b)(2). Dkt. 1, Indictment. A jury trial was scheduled previously to begin on November 6, 2023. The parties worked cooperatively to arrive at a plea disposition that achieves a just outcome in this case.

As outlined in the parties' plea agreement, Mr. Jones used his employment security badge contrary to airport security measures while engaged in personal business for flying. His conduct was unbecoming of a law enforcement officer and was undertaken to save him time and money in

1

his personal travel. Under the parties' agreement, Mr. Jones takes responsibility for the illicit conduct in violating airport security requirements as well as violating the expectation of conducting himself with the integrity essential to law enforcement – both in personal and professional affairs.

## SENTENCING GUIDELINES

The sentencing guidelines are very low in this case. As the plea agreement outlines, the parties agree that the base offense level is 6, because this is a Class A misdemeanor not covered by another specific offense guideline. U.S.S.G. § 2X5.2 The parties further agree that there is a 2 level increase for Mr. Jones abusing his position of trust as a CBP officer, under U.S.S.G. § 3B1.3. After a 2 level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility, the final adjusted offense level is **6**.[1] Mr. Jones has no prior criminal convictions and therefore no criminal history points, placing him in a criminal history category I under Chapter 5, Part A of the U.S.S.G. His sentencing guidelines are therefore **0-6 months** and fall under Zone A of the U.S.S.G. table. Under the guidelines, a sentence of probation is authorized. U.S.S.G. § 5B1.1(a)(1).

## THE RELEVANT SECTION 3553(a) SENTENCING FACTORS

Under an individualized assessment, a sentence of 60 months of probation with specific employment restrictions achieves a sentence that is sufficient but not greater than necessary under 18 U.S.C. § 3553(a).

<u>Nature and Circumstances of the Offense and History and Characteristics of Mr. Jones</u>

Mr. Jones's violation of airport security requirements benefited him in his personal flight travels. Fortunately, this is not a case involving violation of security requirements for more

---

[1] Under Federal Rule of Criminal Procedure 32(i)(3)(B), the Court need not rule on whether an upward departure is warranted if the Court determines that a "a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing."

nefarious purposes that would gravely threaten life or property. His abuse of trust and disregard of regulations nevertheless diminished the integrity of airport security protocols. He took shortcuts that dishonored the law enforcement profession. Honor and honesty are central tenets for law enforcement and much of the integrity of that profession relies on the ability of its members to self-police. Regrettably, Mr. Jones's conduct demonstrates very poor self-regulation, unfitting of an individual who should remain in law enforcement.

Much of Mr. Jones's adult history is rooted in service, and particularly law enforcement. Before joining CBP, he served in the United States Air Force and the Baltimore Police Department. Mr. Jones always dreamed of having a law enforcement career and intended to retire from federal law enforcement. His conduct ended his law enforcement career.

Residing in Atlanta, Georgia, Mr. Jones is a husband and father to a daughter who recently turned one year old, and another daughter from a previous relationship who lives in North Carolina. Although Mr. Jones was lacking in his employment responsibilities, he is considered a devoted father. Seeking to maintain his financial responsibilities to his family, he regained employment and works now as a sports referee, often working night games. He watches his young daughter while his wife works. He financially provides for both of his children. In losing a well-paying federal law enforcement job, his family has suffered financial consequences for his actions.

<u>The Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, Afford Adequate Deterrence, and Protect the Public</u>

The parties' plea agreement results in federal criminal convictions for Mr. Jones's conduct, which sends a significant deterrence message regarding the importance of following airport security measures, particularly for those engaged in airport-related law enforcement. The prosecution and punishment of a law enforcement member reminds members of the law enforcement profession and society that no one is above the law, even those who wear a badge.

While misdemeanor criminal convictions will undoubtedly have employment consequences, they thankfully carry lesser devastating consequences than felonies. A docketed publicly accessible plea agreement will be available to future employers. Prospective employers can decide for themselves if Mr. Jones's admitted conduct renders him employable to them.

The probationary term agreement of five years is a significant length, particularly for someone who has no prior record and has been on pretrial supervision for approximately 18 months already. The employment restriction condition barring Mr. Jones from law enforcement during the probation term individually deters Mr. Jones from any further misconduct in that profession and sends a wider deterrent message to similarly situated law enforcement members.

Mr. Jones has ample incentive to comply with the employment restrictions in the plea agreement to avoid a felony prosecution. At a trial, a jury would decide whether Mr. Jones should be convicted of a felony. Under the plea agreement terms, Mr. Jones decides that fate. For his sake and the sake of his family, he is motivated to fulfill the terms of the plea agreement.

## CONCLUSION

The Defense respectfully submits that the parties' proposed disposition of two misdemeanor convictions for violating airport security requirements and a probationary sentence of 5 years with the specified employment restrictions achieves the purposes of sentencing under Section 3553(a).

Respectfully submitted,

/s/
SEDIRA S. BANAN (#804827)
Assistant Federal Public Defender
Office of the Federal Public Defender
Tower II – 9th Floor
100 South Charles Street

Baltimore, Maryland 21201
(410) 962-3962 (t)
(410) 962-0872 (f)
Sedira_Banan@fd.org