IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 22-cr-0225-SAG |
| | : | |
| SUPREME JONES, | : | |
| | : | |
| Defendant. | : | |

...oOo...

GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its undersigned attorneys, submits this reply to the Sentencing Memorandum of defendant Supreme Q. JONES. For the reasons stated herein, the government respectfully requests the Court agree to the proposed disposition pursuant to Fed. R. Crim. P. 11(c)(1)(C), as captured in paragraphs 8 and 9 of the October 18, 2023, plea agreement.

INTRODUCTION

The government anticipates that on October 30, 2023, the defendant will plead guilty to the two (2) counts of the Superseding Information, charging Jones with Class A misdemeanors in violation of 49 U.S.C. §§ 46314(a) and (b)(1). As indicated in a detailed statement of facts submitted as Attachment A to the agreement, Jones, was a Customs and Border Protection ("CBP") Officer at Baltimore Washington/Thurgood Marshall International Airport ("BWI"). In that capacity he was issued a Secure Identification Display Area ("SIDA") badge, which authorized him relatively unrestricted access to the sterile areas of BWI when performing his CBP duties. Previously, Jones was a Baltimore City Police Officer and an enlisted member in the United States Air Force.

Jones abused the SIDA badge access when traveling in his personal capacity on at least the two dates of travel charged in the Information. Specifically, contrary to the regulations, he

accessed the sterile area via a Transportation Security Administration ("TSA") exit portal by displaying his badge and keying in his passcode.  This enabled him to proceed to departure gates without being subjected to security screenings.

Jones was a law enforcement officer ("LEO") who was authorized to fly armed. However, when flying armed, he was expected to enter the sterile area via a specific access point reserved for aircrew and LEOs flying armed, and to document his status as an LEO flying armed. He did not do this.  When he was not flying armed, he was expected to access the sterile area via a TSA security screening portal like any other flying passenger.  Jones did not do this.  Instead, he misused his SIDA badge to enter the sterile area contrary to security procedures and regulations.

**ARGUMENT**

The U.S. Sentencing Guidelines ("USSG") are, at most, 8 and possibly as low as 6. Jones was a law enforcement officer and does not have a criminal history.  Accordingly, the final advisory guideline range is 0-6 months.   The government believes that these would have been the same guideline calculations for a felony conviction under 49 U.S.C. §§ 46314(a) and (b)(2).

The conduct set forth in the Statement of Facts, including the conduct not subject to charges, reflects that Jones too often abused—or tried to abuse—his position of authority and trust to facilitate a less expensive and less time consuming process for himself when flying in his personal capacity.  He also tried to use his former military status to his benefit.  When he was arrested, Jones had on his person an expired U.S. Military identification card and an unexpired Baltimore Police identification document.

To be sure, Jones had been vetted for his position with CBP, and so he was cleared in some contexts to enter the sterile area, as he did on the dates of the charged offenses.  But he

repeatedly abused that authority to breach security for his own convenience when off duty.  .  In light of Jones's pattern of abusing a position of trust, the government's primary objective in prosecuting Jones is to foreclose, or at a minimum limit, his ability to work in a law enforcement capacity in the future.  Fortunately, as far as the government is aware, Jones's violations of security procedures were not more serious (for instance, flying armed without disclosing that he was doing so).

The government believes a 5-year term of probation with the special conditions will effect the objective of precluding Jones from reentering law enforcement.  The government also hopes such a sentence will likewise deter him from similar abuses of whatever authority and trust he may accrue in future employment.  The statement of facts also stigmatizes Jones as someone who abused the trust and authority vested in him and then lied about it.  The threat of potential future prosecution further serves as a deterrent.

To the government's knowledge, violations of 49 U.S.C. §§ 46314(a) and (b)(2) are rarely charged.  The government is therefore unable to direct the Court to other similar prosecutions to avoid disparities in sentencings.  However, the government is hopeful that this disposition, coupled with Jones loss of employment with CBP, will deter individuals similarly disposed to such conduct.

## CONCLUSION

A sentence as contemplated in the plea agreement would fulfill the sentencing goals set forth in 18 U.S.C. § 3553 and the government's primary objective relative to employment in law enforcement.

For these reasons, and for reasons to be presented further at the sentencing hearing, the government respectfully requests that this Court accept the disposition in accordance with Fed. R. Crim. P. 11(c)(1)(C).

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____
P. Michael Cunningham
Spencer L. Todd
Assistant United States Attorneys

*Filed via CM/ECF*